IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>EDWIN PACHECO (01),<br><br>      Defendant. | Case No. 16-20008-01-DDC |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Edwin Pacheco's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 468). The government filed a Response (Doc. 478) and Mr. Pacheco filed a Reply (Doc. 485). For reasons explained below, the court dismisses the motion for lack of subject matter jurisdiction.

**I.     Background**

On February 17, 2016, a grand jury returned an Indictment charging Mr. Pacheco. Doc. 1 at 1–2. Mr. Pacheco pleaded guilty to one of the charges against him, conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine, violating 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. Doc. 171 at 1. In May 2019, the court sentenced Mr. Pacheco to 72 months' imprisonment and five years' supervised release. Doc. 391.

**II.    Legal Standard**

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]'" *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The Tenth Circuit "has held that 'a district court is authorized to modify a defendant's sentence only

in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021) (quoting *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (brackets omitted)).

Section 3582(c) of Title 18 announces a general rule that the "court may not modify a term of imprisonment once it has been imposed[.]" But the statute also recognizes certain exceptions. Even after it has imposed a term of imprisonment, the sentencing court may modify that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

"'Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request.'" *Poutre*, 834 F. App'x at 474 (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) (quotations omitted)). "[Tenth Circuit] cases thus require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction." *Id.* (citing *White*, 765 F.3d at 1250; then citing *United States v. C.D.*, 848 F.3d 1286, 1291 (10th Cir. 2017)); "Defendant bears the burden of establishing that compassionate release is warranted under the statute." *United States v. Hendricks*, No. 18-10036-JWB, 2021 WL 700008, at *2 (D. Kan. Feb. 23, 2021).

**III.     Discussion**

    **A.**      **Exhaustion or Lapse Under 18 U.S.C. § 3582(c)(1)(A)**

An inmate seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). The court properly may consider a defendant's motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term." *United States v. Harris*, ___ F. Supp. 3d ___, No. 15-40054-01-DDC, 2020 WL 7122430, at *3 (D. Kan. Dec. 4, 2020) (discussing competing readings of "the lapse of 30 days"). But, "if the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court." *United States v. McIntosh*, No. CR 11-20085-01-KHV, 2020 WL 5747921, at *2 (D. Kan. Sept. 25, 2020), *reconsideration denied*, No. CR 11-20085-01-KHV, 2020 WL 6270918 (D. Kan. Oct. 26, 2020) (citations omitted).

Mr. Pacheco's motion asserts he satisfies the exhaustion requirement "because there has been a lapse of more than 30 days since Mr. Pacheco's request for compassionate release was submitted to the Warden at Federal Correctional Institution (FCI) [El] Reno." Doc. 468 at 1. The government's response concedes Mr. Pacheco met § 3582(c)(1)(A)'s exhaustion requirement. Doc. 478 at 8.

3

But, the court already has determined that Mr. Pacheco's motion failed to provide sufficient facts to determine whether the warden denied his motion within 30 days or otherwise exhausted his administrative remedies. Doc. 491 at 2. So, the court issued a show cause order instructing Mr. Pacheco to "supplement his motion with the required information about lapse or exhaustion[.]" Doc. 492 at 2.

Mr. Pacheco filed a supplement attaching his July 6, 2020 email requesting compassionate release to FCI El Reno's warden. Doc. 492-1 at 2.[1] Mr. Pacheco's July 6, 2020 email requests compassionate release and asserts asthma and hypertension constitute extraordinary and compelling reasons during the COVID-19 pandemic. *Id.* It also asserts Mr. Pacheco has "a verifiable Release Plan of residence and employment upon release." *Id.* Mr. Pacheco asserts he never received a response to this email request. Doc. 492 at 1. And, he asserts "Government counsel verified that the Bureau of Prisons has no record of a response to that request." *Id.*

Mr. Pacheco also asserts counsel submitted a "request to the warden for compassionate release or transfer to home confinement dated September 22, 2020. The warden denied counsel's request on September 25, 2020." Doc. 492 at 2. But, Mr. Pacheco argues the court may consider his motion because he "never received a response from the warden to his July 6,

---

[1]   Mr. Pacheco also attaches his email to the warden dated June 15, 2020, which only requests a transfer to home confinement. Doc. 492-1; *see also* Doc. 492 at 1 (the July 6, 2020 "email request was preceded by a request for transfer [to] home confinement on the same grounds"). But, neither his July 6, 2020 email nor his June 15, 2020 email references the other. *See* Doc. 492. And, Mr. Pacheco does not argue the court should read the two requests together. *See* Doc. 492. So, the court does not consider Mr. Pacheco's June 15, 2020 email when considering whether he exhausted his administrative remedies. *See United States v. Blackstock*, 471 F. Supp. 3d 1175, 1177 (D.N.M. July 9, 2020) (finding defendant failed to exhaust compassionate release request under 18 U.S.C. § 3582(c)(1)(A) because defendant requested home confinement rather than a sentence modification under 28 C.F.R. § 571.63); *United States v. Lara*, No. CR-18-273-D, 2020 WL 4597313, at *1–2 (W.D. Okla. Aug. 11, 2020) (dismissing defendant's motion for compassionate release because he failed to exhaust administrative remedies when he requested home confinement from the warden).

4

2020, request for compassionate release." *Id.*  And, "[e]ven if the court considered the warden's September 25, 2020, denial to be a response to Mr. Pacheco's original [July 6, 2020, email] request, that denial is well outside of the 30-day response window." *Id.*  Mr. Pacheco asserts the government concurs with this assessment.  *Id.*

The court agrees that Mr. Pacheco satisfied § 3582(c)(1)(A)'s lapse requirement because the warden's denial, dated September 25, 2020, fell outside the 30 day window to respond to Mr. Pacheco's July 6, 2020 request for compassionate release.  So, the court next considers whether Mr. Pacheco presents extraordinary and compelling reasons.

### B. Extraordinary and Compelling Circumstances

The court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds . . . extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i).  So, defendant must establish extraordinary and compelling reasons *and* that § 3553(a)'s applicable sentencing factors support the requested sentence modification.

Mr. Pacheco asserts his medical conditions—severe obesity, asthma, an undiagnosed respiratory illness, hypertension, and prediabetes for Type 2 diabetes—combined with his race and conditions at FCI El Reno qualify as extraordinary and compelling reasons during the COVID-19 pandemic.  Doc. 468 at 2, 4–16.  The government concedes that Mr. Pacheco's medical conditions—obesity and asthma—qualify as extraordinary and compelling during the COVID-19 pandemic given "CDC and/or DOJ guidelines[.]"  Doc. 478 at 16.  The court agrees.

The CDC designates severe obesity as a medical condition that puts individuals at increased risk for severe illness from COVID-19.  *See* CDC, People with Certain Medical Conditions (updated Mar. 15, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

5

precautions/people-with-medical-conditions.html (last visited Mar. 17, 2021) ("Adults of any age with the following conditions **are at increased risk** of severe illness from the virus that causes COVID-19: . . . Severe Obesity (BMI ≥ 40 kg/m$^2$)"). And, the CDC designates asthma and hypertension as medical conditions that might increase the risk for severe illness from COVID-19. *Id.* ("[A]dults of any age with the following conditions **might be at an increased risk** for severe illness from the virus that causes COVID-19:  Asthma (moderate-to-severe) . . . Hypertension or high blood pressure").

The court also recognizes the increased risk to an individual with multiple health conditions during the COVID-19 pandemic. *See id.* ("The more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19."). And, when considering his risk of serious complications from a potential COVID-19 infection in FCI El Reno, the court is mindful of Mr. Pacheco's other medical conditions and characteristics.

Satisfied that Mr. Pacheco's medical conditions constitute an extraordinary and compelling reason during the COVID-19 pandemic, the court next considers whether the relevant § 3553(a)'s sentencing factors warrant the sentence modification Mr. Pacheco requests.

    **C.**    **Sentencing Factors of 18 U.S.C. § 3553(a)** [2]

---

[2] The relevant sentencing factors the court considers are:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the offense committed; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

Mr. Pacheco requests the court reduce his "sentence to time served, with an added period of home confinement as a condition of supervised release." Doc. 468 at 22–23. And, he argues the sentencing factors "should reflect today's circumstances." Doc. 485 at 3. The government opposes Mr. Pacheco's request because, it argues, § 3553(a)'s sentencing factors weigh against his request. Doc. 478 at 18.[3] It contends reducing Mr. Pacheco's sentence "to time-served would diminish the nature and seriousness of his offense and the need for his sentence to continue to provide just punishment and otherwise promote respect for the law." *Id*.; *see also* 18 U.S.C. § 3553(a)(1)–(2)(A).

The court may "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). When § 3553(a)'s sentencing factors don't support the requested sentence reduction, then courts deny the request, even when defendant satisfies exhaustion and shows extraordinary and compelling. *See United States v. Santistevan*, ___ F. App'x ___, 2021 WL 942909, at *2 (affirming denial of compassionate release after district court considered § 3553(a) factors and "determined that a sentence reduction was not appropriate"); *see also* Order, *United States v. Rodriguez*, No. 5:18-cr-40045-HLT (D. Kan. Sept. 30, 2020), ECF No. 58 (considering defendant's history and rehabilitation efforts and holding "after considering all factors, the Court finds that a reduction is not appropriate"), *aff'd*, 837 F. App'x 652, 2021 WL 717045 (10th Cir. 2021).

If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and

---

[3] The government acknowledges Mr. Pacheco does not necessarily pose a direct and immediate danger to society at large. Doc. 478 at 18.

7

compelling circumstances.  *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence . . . ." (citations omitted)); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence." (citations omitted)); *cf. United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting motion under § 3582(c)(1)(A) where defendant served nearly 95% of his sentence and already had transferred to a residential reentry center).

Here, Mr. Pacheco is set to complete his term of imprisonment on July 15, 2024.  *See* Edwin Pacheco, Reg. No. 27944-031, https://www.bop.gov/inmateloc/ (last visited Mar. 17, 2021).  So, roughly 40 months—or 55%—of his 72-months term of imprisonment remain.  He asks the court to modify his sentence by reducing his term of imprisonment to time served and adding a term of home confinement.  Doc. 468 at 22–23.  To grant this request would reduce the severity of Mr. Pacheco's sentence.  If the court imposed a corresponding term of home confinement equal to the term of imprisonment, the extent of the severity reduction is the difference between (1) 40 months' imprisonment and (2) 40 months' home confinement.

Replacing a period of imprisonment with a corresponding period of home confinement can mitigate the extent to which the sentence modification reduces the severity of the total sentence.  *See United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *6 (D. Kan. Oct. 8, 2020).  But home confinement and imprisonment are not equivalent.  Here, home confinement would replace about 55% of the term of imprisonment.  A conclusion that this

modified sentence is "sufficient . . . to comply with the purposes" in § 3553(a)(2) would require a significant change in the court's view of § 3553(a)'s factors.

The court recognizes the COVID-19 pandemic may increase the severity of Mr. Pacheco's sentence beyond what it considered during his May 2019 sentencing. Mr. Pacheco asserts "that he is in the high-risk category of serious illness or death if infected with the SARS-CoV-2 virus that causes COVID-19 due to his underlying health issues, race, and his high risk to exposure of the virus as a BOP inmate at FCI El Reno." Doc. 468 at 21. And, he asserts "[h]e cannot obtain his own personal protective equipment and supplies that may protect him against infection." *Id.* Mr. Pacheco's combined medical conditions and circumstances and FCI El Reno during the COVID-19 pandemic favor his motion. But, Mr. Pacheco's medical conditions only comprise part of § 3553(a)'s sentencing factors analysis.

Mr. Pacheco argues the sentencing factors favor his request because he lives in a minimum security camp, "his criminal history was nonexistent before this case" and he successfully completed three years of pretrial supervision. Doc. 485 at 4. He also asserts he earned his bachelor's and master's degree in theology and worked full time as a barber between his arrest and sentencing. *Id.* at 4–5. And, "his disciplinary record has remained clean since he entered custody in June 2019[.]" Doc. 468 at 22. Certainly, Mr. Pacheco's rehabilitation efforts favor his request. *See* 18 U.S.C. § 3553(a)(1) (considering "the history and characteristics of the defendant").

Given Mr. Pacheco's incarceration and health condition during the COVID-19 pandemic, the court's assessment of various factors under § 3553(a) have shifted. The court concludes that several sentencing factors favor a lesser sentence today than when our court considered them during Mr. Pacheco's May 2019 sentencing. But those factors have not shifted far enough for

the court to conclude that the pertinent § 3553(a) factors—*in aggregate*—justify the modified sentence that Mr. Pacheco seeks.

Mr. Pacheco pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine. Doc. 171 at 1. The PSR calculated Mr. Pacheco was responsible for 11.41 kilograms (about 25 pounds) of methamphetamine, at least 800 pounds of marijuana, and possession of a firearm. Doc. 336 at 17–18 (PSR ¶¶ 87, 94–95); *see United States v. Rodriguez*, 837 F. App'x 652, 2021 WL 717045, at *1 (10th Cir. 2021) (affirming denial of compassionate release based on district court's § 3553(a) analysis which assessed, in part, uncharged conduct). Mr. Pacheco's PSR calculated an aggravating role enhancement because of his leadership role in the drug conspiracy. Doc. 336 at 18 (PSR ¶ 97). And, much of the conspiracy to distribute methamphetamine was conducted from Mr. Pacheco's barbershop. *Id.* Mr. Pacheco committed a serious offense. Reducing Mr. Pacheco's term of imprisonment by 55% no longer would reflect the seriousness of his criminal conduct nor afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(1)(2)(A)–(B).

The court concludes that the modified sentence that Mr. Pacheco requests fails to reflect the applicable sentencing factors and would not comply with the purposes that § 3553(a) lists. Thus, modifying the imposed term of imprisonment is not warranted under § 3582(c)(1)(A). Since Mr. Pacheco's motion fails to satisfy the statutory requirements, the court lacks subject matter jurisdiction and must dismiss the motion. *See Poutre*, 834 F. App'x at 474.

IV.   **Conclusion**

Mr. Pacheco asks the court to modify his sentence by reducing his term of imprisonment to time served and adding a term of home confinement to his supervised release. While the risks his medical conditions present to him while incarcerated during the COVID-19 pandemic do

alter the court's analysis of certain sentencing factors under § 3553(a) to some extent, that change has not shifted far enough to permit the court to conclude that Mr. Pacheco's extraordinary and compelling reasons warrant the sentencing modification he seeks. So, § 3582(c)(1)(A) does not permit the court to modify Mr. Pacheco's sentence. The court thus dismisses the motion for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Pacheco's Motion for Compassionate Release (Doc. 468) is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 24th day of March, 2021, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**